UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RYAN VANTEEL HARRIS (#391818)　　　　　　　　　　CIVIL ACTION

VERSUS

DR. GAMBLE, ET AL.　　　　　　　　　　　　　　　　　NO. 11-0727-JJB

### RULING

This matter comes before the Court on the Amended Motion to Dismiss of the remaining defendant in this case, Dr. William Gamble. See rec.doc.nos. 16 and 22. This motion is opposed.

The pro se plaintiff, an inmate incarcerated at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections and Dr. William Gamble, a physician employed at EHCC. The plaintiff complains that his constitutional rights have been violated by the forced administration of medication at EHCC, notwithstanding that he has attempted to refuse all medical treatment. In amendments to the original Complaint, the plaintiff (1) refers to two unspecified dates when he was administered injections after calmly refusing to take his medication, and (2) asserts that the foregoing actions are the result of defendant "Dr. Gamble's recommendation". See rec.doc.nos. 9 and 17. Pursuant to earlier motion, granted by the Court on March 19, 2012, the plaintiff has voluntarily dismissed his claims asserted against the Louisiana Department of Public Safety and Corrections. See rec.doc.nos. 6 and 12.

Defendant Gamble first seeks dismissal of this action based on an asserted lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Specifically, the defendant alleges that, after a hearing conducted in state court in July, 2011, a state court judge has explicitly authorized the forced administration of medication to the plaintiff. The defendant asserts this fact as justification for rejection of the plaintiff's claims on jurisdictional grounds.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Association of Mississippi, Inc. v. City of Madison, Mississippi, 143 F.3d 1006 (5th Cir. 1998), quoting Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182 (2nd Cir. 1996). Although "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court," Coury v. Prot, 85 F.3d 244 (5th Cir. 1996), a Rule 12(b)(1) motion may only be granted "if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction." Davis v. United States, 597 F.3d 646 (5th Cir. 2009), cert. denied, _ U.S. _, 130 S.Ct. 1906, 176 L.Ed.2d 367 (2010). "Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks'." Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A., 104 F.3d 1256 (11th Cir. 1997), citing Lawrence v. Dunbar, 919 F.2d 1525 (11th Cir. 1990). See also Williamson v. Tucker, 645 F.2d 404 (5th Cir.), cert. denied, 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). "A 'facial attack' on the complaint requires the court merely to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." Menchaca v. Chrysler Credit Corp., 613 F.2d 507 (5th Cir.), cert. denied, 449 U.S. 953, 101 S.Ct. 358, 66 L.Ed.2d 217 (1980). A "factual attack" allows the Court to consider a broader range of materials in resolving the motion. Williams v. Wynne, 533 F.3d 360 (5th Cir. 2008). When presented with a factual attack, the Court may consider (1) the Complaint alone, (2) the Complaint supplemented by undisputed facts in the record, and (3) the Complaint supplemented by undisputed facts plus the Court's resolution of disputed Facts. Clark v. Tarrant County, Texas, 798 F.2d 736 (5th Cir. 1986).

The defendant's Rule 12(b)(1) motion shall be denied. The plaintiff has invoked the federal subject matter jurisdiction of this Court pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional civil rights. Interpreting his allegations liberally, as this Court is required to do when addressing the claims of pro se litigants, see Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30

L.Ed.2d 652 (1972), the plaintiff has alleged that his constitutional rights have been violated by the provision of forced medication without appropriate procedural safeguards. In this regard, courts have recognized that there is a "significant liberty interest" in avoiding the unwanted administration of medication, and although an inmate may be treated against his will if the treatment is in the prisoner's best medical interests and if he is dangerous to himself or others, procedural safeguards must be employed to ensure that the prisoner's constitutional rights are respected. Cowan v. Scott, 31 Fed.Appx. 832 (5th Cir. 2002), citing Washington v. Harper, 494 U.S. 210, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990) (upholding prison policy which allowed the forced administration of medication where such medication was first prescribed by a physician and thereafter approved by a reviewing physician). See also Cruzan v. Director, Missouri Dept. of Health, 497 U.S. 261, 110 S.Ct. 2841, 111 L.Ed.2d 224 (1990) (wherein the Supreme Court noted that "[t]he principle that a competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment may be inferred from our prior decisions"). In support of his contention that this Court lacks subject matter jurisdiction, the defendant points only to an assertion that in January, 2011, a Petition for Competency was filed relative to the plaintiff in state court, and a competency hearing was thereafter held on July 26, 2011, at which hearing the plaintiff was determined to be "incompetent to provide an informed refusal of necessary medical or psychiatric treatment" and at which hearing prison officials were authorized "to continue the current forced-medication protocol ... in the best interest of [the plaintiff]." Notwithstanding, even if true, this does not end the inquiry. By reference to the plaintiff's administrative remedy proceedings, a copy of which has been filed into the record by the defendant, it appears that the plaintiff filed an administrative grievance with prison officials in June, 2011, prior to the judicial determination of incompetency, and he was complaining therein of events occurring at some point prior thereto. Thus, the referenced judicial determination does not resolve the question whether prison officials afforded the plaintiff appropriate procedural safeguards prior to the implementation of the forced medication protocol. This factual question is more appropriately

addressed in a motion for summary judgment pursuant to Rule 56 and is not subject to resolution in connection with a motion filed pursuant to Rule 12(b)(1).

Turning to the defendant's request for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal under this Rule if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level". Bell Atl. Corp. v. Twombly, supra. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, supra. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n] – that the pleader is entitled to relief.'" Id. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (citations omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation,"

or "naked assertions [of unlawful conduct] devoid of further factual enhancement." Id. (internal quotation marks omitted).

In his Complaint, the plaintiff effectively alleges that he was forcibly administered medications against his will, notwithstanding that he attempted to calmly advise prison officials that he wished to refuse all medications. The plaintiff has further asserted, in an amendment to the Complaint, that this conduct was the result of defendant Gamble's recommendation, and he has referred to incidents when he was allegedly subjected to the forced administrative of medication. In effect, the plaintiff is alleging that he has been denied his constitutional right to refuse medical treatment.

In response to the plaintiff's allegations, the defendant first contends that the plaintiff's claim is subject to dismissal because he has failed to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e. In making this argument, the defendant apparently seeks to have the Court look outside the allegations of the Complaint and consider information contained in the record of the plaintiff's administrative remedy proceedings. Notwithstanding, in ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the Court normally does not consider matters outside the well-pleaded allegations of the plaintiff's Complaint (and documents attached thereto). Accordingly, the Court will not make a determination in connection with the defendants' argument in this regard.[1]

The defendant next seeks dismissal of the plaintiff's claim for monetary damages asserted against the defendant in the defendant's official capacity. In this regard, the defendant correctly points out that § 1983 does not provide a federal forum for a litigant who seeks recovery of monetary damages against either a state or its officials acting in their official capacities, specifically

---

[1] The Court finds, in any event, that the plaintiff's administrative grievance is likely sufficient to assert the instant claim against the named defendant. Although the defendant argues that the grievance does not mention defendant Gamble by name and, so, is not sufficient to exhaust administrative remedies as to this defendant, the primary purpose of the exhaustion requirement is to alert prison officials to a specific problem, not to provide personal notice to a particular individual that he may be sued. Johnson v. Johnson, 385 F.3d 503 (5th Cir. 2004).

because such officials are not seen to be "persons" under § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Further, in Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. Id. In contrast, the plaintiff's claim for monetary damages asserted against the defendant in the defendant's individual capacity remains viable because a claim against a state official in his individual capacity, seeking to impose liability for actions taken by the official under color of state law, is not treated as a suit against the state. Hafer v. Melo, supra. Thus, a showing by the plaintiff that the defendant state official, acting individually and under color of state law, intentionally caused the deprivation of the plaintiff's federal rights, would be sufficient to establish personal liability under § 1983.

Turning to the plaintiff's claims asserted against the defendant in the defendant's individual capacity, the instant motion next contends that the plaintiff has failed to allege sufficient involvement by defendant Gamble in the events alleged. In this regard, in order for a person to be found liable under § 1983, the person must have been personally involved in conduct causing the alleged deprivation of constitutional rights, or there must be a causal connection between the actions of that person and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees is alone insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies,

or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. Lozano v. Smith, supra.

Applying the foregoing rule to the plaintiff's allegations, the Court concludes that the plaintiff's allegations are sufficient to allege a claim that defendant Gamble, by his "recommendation", authorized the forced administration of medication to the plaintiff in violation of the plaintiff's right to due process. While a subsequent evidentiary showing may reveal that this is not an accurate characterization of defendant Gamble's role or that the plaintiff was provided with appropriate due process protections, the plaintiff's factual allegation in this regard is sufficient to state a claim of the violation of the plaintiff's constitutional civil rights by this defendant. Accordingly, the defendant's motion should be denied in this respect.

The instant motion next asserts that the plaintiff will be unable to recover monetary damages from the defendant because there is no allegation in the Complaint of physical harm sustained by the plaintiff. In this regard, the defendant is correct that 42 U.S.C. 1997e(e) provides that there can be no recovery of compensatory damages for mental or emotional injury sustained by an incarcerated plaintiff in the absence of a showing of physical injury. Notwithstanding, this statute does not preclude the recovery of nominal or punitive damages upon the showing of a constitutional violation. Hutchins v. McDaniels, 512 F.3d 193 (5th Cir. 2007). And as to whether the plaintiff will be able to show the requisite "evil intent" or "reckless or callous indifference" which is necessary for the recovery of punitive damages, see Williams v. Kaufman County, 352 F.3d 994 (5th Cir. 2003), the Court finds that this issue is better addressed in a subsequent motion for summary judgment.

Finally, the defendant seeks dismissal of any state law claims asserted in this proceeding. In this regard, a district court is authorized to decline the exercise of supplemental jurisdiction if the state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has

dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, the Court concludes that it is appropriate for the Court to decline the exercise of supplemental jurisdiction relative to the plaintiff's state law claims.[2]

Accordingly, based on the foregoing reasoning and authority,

**IT IS ORDERED** that the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

**IT IS FURTHER ORDERED** that the defendant's Motions to Dismiss, rec.doc.nos. 16 and 22, be and they are hereby **GRANTED IN PART**, dismissing the plaintiff's claims asserted against the defendant in the defendant's official capacity, and **DENIED IN PART** as to the plaintiff's claim that the defendant violated the plaintiff's Eighth and Fourteenth Amendment rights through the forced administration of medication.

Baton Rouge, Louisiana, this 19th day of February, 2013.

JAMES J. BRADY
**UNITED STATES DISTRICT JUDGE**

---

[2] The Court notes that the plaintiff also includes as a prayer for relief in his Complaint a request that the Court "fire the parties ... responsible" for the alleged misconduct. It is well-settled, however, that such relief is not attainable in this action. See Maxton v. Johnson, 488 F.Supp. 1030 (D.S.C. 1980), citing United States v. White County Bridge Commission, 275 F.2d 529 (7th Cir.), cert. denied, 364 U.S. 818, 81 S.Ct. 50, 5 L.Ed.2d 48 (1960 (holding that a federal district court lacks the inherent power to hire or remove officials not within the executive control of the court). Accordingly, this aspect of the plaintiff's Complaint should also be dismissed.